UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ANDREW ALBERT
106 Lincoln Avenue
Clintonville, Wisconsin 54929

      Plaintiff,

    v.

PIERCE MANUFACTURING, INC.
2600 American Drive
Appleton, Wisconsin 54914

      Defendant

Case No: 20-cv-1512

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Andrew Albert, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Andrew Albert, is an adult male resident of the State of Wisconsin residing in Waupaca County with an address of 106 Lincoln Avenue, Clintonville, Wisconsin 54929.

4. Defendant, Pierce Manufacturing, Inc., is a Wisconsin corporation with a principal place of business of 2600 American Drive, Appleton, Wisconsin 54914.

5. Defendant manufactures custom fire and rescue apparatuses.

6. Defendant is a covered employer for purposes of the FMLA.

7. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

8. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's Appleton, Wisconsin manufacturing facility.

9. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

10. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

11. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

12. Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.

## GENERAL ALLEGATIONS

13. In approximately January 2018, Defendant hired Plaintiff into the position of Welder.

14. In approximately January 2019, Defendant, via its third-party benefit administrator, Cigna, approved Plaintiff's application for intermittent FMLA leave because of his daughter's serious health condition.

15. Continually throughout the years 2019 and 2020, Defendant, via its third-party benefit administrator, Cigna, approved Plaintiff's application for intermittent FMLA leave because of his daughter's serious health condition.

16. During the years 2019 and 2020, Defendant bestowed upon Cigna the authority to communicate with Defendant's employees, including Plaintiff, for benefit administration and/or FMLA-leave purposes on behalf of Defendant.

17. During the years 2019 and 2020, Cigna was an agent of Defendant for benefit administration and/or FMLA-leave purposes vis-à-vis Defendant's employees, including Plaintiff.

18. During the years 2019 and 2020, Plaintiff utilized approved intermittent FMLA leave because of his daughter's serious health condition.

19. During the years 2019 and 2020, Defendant, including but not limited to Plaintiff's direct supervisors and managers and individuals in Defendant's Human Resources Department, were aware and/or had knowledge of Plaintiff's use of intermittent FMLA leave because of his daughter's serious health condition.

20. During the years 2019 and 2020, Defendant, including but not limited to Plaintiff's direct supervisors and managers and individuals in Defendant's Human Resources

Department, received communication(s) and/or correspondence from Plaintiff regarding his use of intermittent FMLA leave because of his daughter's serious health condition.

21. On or about September 9, 2019, Defendant issued Plaintiff a three-day suspension based on absences in June 2019 and/or July 2019.

22. In approximately July 2019, Defendant, including but not limited to Plaintiff's direct supervisor, was aware that Plaintiff's absences in June 2019 and/or July 2019 that formed by basis of the three-day suspension that Defendant issued to Plaintiff on or about September 9, 2019 were FMLA-related and/or because of Plaintiff's daughter's serious health condition.

23. In approximately July 2019 and regarding Plaintiff's absences in June 2019 and/or July 2019 that formed by basis of the three-day suspension that Defendant issued to Plaintiff on or about September 9, 2019, Plaintiff's direct supervisor told Plaintiff: "We'll use two vacation days to cover these absences because sorting out FMLA leave with Cigna will be a nightmare," or words to that effect.

24. The three-day suspension that Defendant issued to Plaintiff on or about September 9, 2019 was based on absences in June 2019 and/or July 2019 that should have been FMLA-leave approved by Defendant.

25. On or about January 23, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

26. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about January 23, 2020 because of his daughter's serious health condition.

27. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about January 23, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

28. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about January 23, 2020 because of his daughter's serious health condition.

29. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about January 23, 2020 because of his daughter's serious health condition.

30. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about January 23, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

31. On or about January 24, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

32. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about January 24, 2020 because of his daughter's serious health condition.

33. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about January 24, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

34. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about January 24, 2020 because of his daughter's serious health condition.

35. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about January 24, 2020 because of his daughter's serious health condition.

36. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about January 24, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

37. On or about February 1, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

38. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 1, 2020 because of his daughter's serious health condition.

39. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 1, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

40. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 1, 2020 because of his daughter's serious health condition.

41. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 1, 2020 because of his daughter's serious health condition.

42. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 1, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

43. On or about February 3, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

44. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 3, 2020 because of his daughter's serious health condition.

45. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 3, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

46. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 3, 2020 because of his daughter's serious health condition.

47. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 3, 2020 because of his daughter's serious health condition.

48. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 3, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

49. On or about February 5, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

50. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 5, 2020 because of his daughter's serious health condition.

51. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 5, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

52. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 5, 2020 because of his daughter's serious health condition.

53. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 5, 2020 because of his daughter's serious health condition.

54. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 5, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

55. On or about February 10, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

56. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 10, 2020 because of his daughter's serious health condition.

57. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 10, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

58. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 10, 2020 because of his daughter's serious health condition.

59. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 10, 2020 because of his daughter's serious health condition.

60. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 10, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

61. On or about February 17, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

62. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 17, 2020 because of his daughter's serious health condition.

63. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 17, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

64. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 17, 2020 because of his daughter's serious health condition.

65. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 17, 2020 because of his daughter's serious health condition.

66. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 17, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

67. On or about February 19, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

68. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 19, 2020 because of his daughter's serious health condition.

69. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 19, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

70. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 19, 2020 because of his daughter's serious health condition.

71. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 19, 2020 because of his daughter's serious health condition.

72. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 19, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

73. On or about February 24, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

74. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 24, 2020 because of his daughter's serious health condition.

75. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 24, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

76. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 24, 2020 because of his daughter's serious health condition.

77. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 24, 2020 because of his daughter's serious health condition.

78. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 24, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

79. On or about February 27, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

80. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about February 27, 2020 because of his daughter's serious health condition.

81. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about February 27, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

82. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about February 27, 2020 because of his daughter's serious health condition.

83. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about February 27, 2020 because of his daughter's serious health condition.

84. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about February 27, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

85. In approximately late February 2020, Plaintiff began meetings with Defendant, including but not limited to Defendant's Human Resources Department and Defendant's "liaison" to Cigna, regarding Cigna's newly discovered failure to correctly and properly record Plaintiff's "FMLA days" in January 2020 and February 2020.

86. In approximately early March, Defendant informed Plaintiff to communicate all of his "FMLA days" since January 2020 to Cigna because of Cigna's failure to correctly and properly record Plaintiff's "FMLA days" in January 2020 and February 2020.

87. In approximately early March 2020, Defendant, via its "liaison," communicated directly with Cigna on Plaintiff's behalf regarding Plaintiff's "FMLA days" in January 2020 and February 2020 and Cigna's failure to correctly and properly record Plaintiff's "FMLA days" in January 2020 and February 2020.

88. In approximately March 2020, Plaintiff communicated directly with Cigna on regarding his "FMLA days" in January 2020 and February 2020.

89. In approximately March 2020, Defendant's "liaison" informed Plaintiff to continue communicating directly with Cigna regarding his FMLA leave-related absences in March 2020.

90. In approximately March 2020, Plaintiff communicated directly with Cigna regarding his FMLA leave-related absences in March 2020.

91. In approximately March 2020, Defendant's "liaison" reassured Plaintiff that "everything was going to be fine," referring to Cigna's failure to correctly and properly record Plaintiff's "FMLA days" in January 2020 and February 2020 and Plaintiff's FMLA leave-related absences in March 2020.

92. In approximately March 2020, Defendant's "liaison" told Plaintiff: "We'll take care of you and your family," or words to that effect, referring to Cigna's failure to correctly and properly record Plaintiff's "FMLA days" in January 2020 and February 2020 and Plaintiff's FMLA leave-related absences in March 2020.

93. On or about March 3, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

94. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about March 3, 2020 because of his daughter's serious health condition.

95. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about March 3, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

96. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about March 3, 2020 because of his daughter's serious health condition.

97. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about March 3, 2020 because of his daughter's serious health condition.

98. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about March 3, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

99. On or about March 4, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

100. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about March 4, 2020 because of his daughter's serious health condition.

101. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about March 4, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

102. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about March 4, 2020 because of his daughter's serious health condition.

103. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about March 4, 2020 because of his daughter's serious health condition.

104. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about March 4, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

105. On or about March 6, 2020, Plaintiff was absent from work at Defendant because of his daughter's serious health condition.

106. Plaintiff requested FMLA leave from Defendant and/or Cigna for his absence from work on or about March 6, 2020 because of his daughter's serious health condition.

107. Defendant and/or Cigna knew or were aware that Plaintiff was absent from work on or about March 6, 2020 because of his daughter's serious health condition and/or for an FMLA leave-related reason.

108. Defendant and/or Cigna knew or were aware that Plaintiff requested FMLA leave for his absence from work on or about March 6, 2020 because of his daughter's serious health condition.

109. Plaintiff complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his absence from work on or about March 6, 2020 because of his daughter's serious health condition.

110. Plaintiff's absence from work at Defendant because of his daughter's serious health condition on or about March 6, 2020 should have been FMLA-leave approved by Defendant and/or Cigna.

111. On or about April 1, 2020, Defendant terminated Plaintiff's employment for Plaintiff's absences on January 23, 2020, January 24, 2020, February 1, 2020, February 3, 2020, February 5, 2020, February 10, 2020, February 17, 2020, February 19, 2020, February 24, 2020, February 27, 2020, March 3, 2020, March 4, 2020, and March 6, 2020.

112. Defendant terminated Plaintiff's employment on or about April 1, 2020 for Plaintiff's absences on January 23, 2020, January 24, 2020, February 1, 2020, February 3, 2020, February 5, 2020, February 10, 2020, February 17, 2020, February 19, 2020, February 24, 2020, February 27, 2020, March 3, 2020, March 4, 2020, and March 6, 2020 – all of which should have been FMLA leave-approved by Defendant and/or Cigna.

## FIRST CAUSE OF ACTION – FMLA INTERFERENCE

113. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

114. Defendant intentionally interfered with Plaintiff's rights by suspending Plaintiff's employment on or about September 9, 2019 and by terminating Plaintiff's employment on or about April 1, 2020 in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

115. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CAUSE OF ACTION – FMLA RETALIATION

116. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

117. Defendant retaliated against Plaintiff by suspending Plaintiff's employment on or about September 9, 2019 and by terminating Plaintiff's employment on or about April 1, 2020 for exercising his rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

118. As a result of Defendant's intentional violation of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 29th day of September, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi*** _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com